# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BARBARA JEAN QUEEN,<br><br>    Plaintiff,<br><br>    v.<br><br>COMMISSIONER OF SOCIAL SECURITY,<br><br>    Defendant. | Case No.: 1:19-cv-1694 JLT<br><br>ORDER TO DEFENDANT TO SHOW CAUSE WHY SANCTIONS SHOULD NOT BE IMPOSED FOR FAILURE TO COMPLY WITH THE COURT'S ORDER |

    Barbara Jean Queen initiated this action by filing a complaint on December 3, 2019, seeking judicial review of the decision to deny an application for Social Security benefits. (Doc. 1) On December 9, 2019, the Court issued its Scheduling Order, setting forth the deadlines governing the action. (Doc. 5)

    The Commissioner of Social Security filed the certified administrative record in the matter on April 16, 2020. (Doc. 11) The parties exchanged confidential letter briefs, after which Plaintiff filed her opening brief on August 17, 2020. (Doc. 17) Pursuant to the terms of the Scheduling Order, the Commissioner was to file a response within thirty days of the date of service of the opening brief. (Doc. 5 at 2) Thus, the Commissioner's response was due no later than September 16, 2020. However, the Commissioner has not filed a responsive brief, and did not request an extension of time to comply with the deadline.

    The Local Rules, corresponding with Fed. R. Civ. P. 11, provide: "Failure of counsel or of a

party to comply with . . . any order of the Court may be grounds for the imposition by the Court of any and all sanctions . . . within the inherent power of the Court." Local Rule 110. "District courts have inherent power to control their dockets," and in exercising that power, a court may impose sanctions, including terminating sanctions. *Thompson v. Housing Authority of Los Angeles*, 782 F.2d 829, 831 (9th Cir. 1986). For example, terminating sanctions may be issued based on a party's failure to obey a court order or failure to comply with local rules. *See*, *e.g. Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (terminating sanctions for failure to comply with an order); *Malone v. U.S. Postal Service*, 833 F.2d 128, 130 (9th Cir. 1987) (terminating sanctions for failure to comply with the court order).

Accordingly, the Commissioner is **ORDERED** to show cause within fourteen why the sanctions should not be imposed for failure to follow the Court's Order or to file a response to Plaintiff's opening brief.

IT IS SO ORDERED.

Dated:   **September 21, 2020**          **/s/ Jennifer L. Thurston**
                                                             UNITED STATES MAGISTRATE JUDGE