UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BARBARA JEAN QUEEN,<br><br>            Plaintiff,<br><br>     v.<br><br>ANDREW SAUL,<br>Commissioner of Social Security,<br><br>            Defendant. | Case No.: 1:19-cv-01694 JLT<br><br>ORDER DENYING PLAINTIFF'S APPEAL AND AFFIRMING THE ADMINISTRATIVE DECISION (Doc. 17)<br><br>ORDER DIRECTING ENTRY OF JUDGMENT IN FAVOR OF DEFENDANT, ANDREW SAUL, THE COMMISSIONER OF SOCIAL SECURITY, AND AGAINST PLAINTIFF, BARBARA JEAN QUEEN |

Barbara Jean Queen asserts she is entitled to disability insurance benefits, supplemental security income, and a period of disability under Title II and Title XVI of the Social Security Act. Plaintiff asserts that the administrative law judge erred by rejecting the opinion of an examining physician without specific, legitimate reasons. (Doc. 17). Because the ALJ applied the proper legal standards and the decision is supported by substantial evidence in the record, the administrative decision is **AFFIRMED**.

### BACKGROUND

In August 2015, Plaintiff filed two applications for benefits. She asserted disability beginning September 1, 2014, due to physical and mental impairments including arthritis, valley fever, depression, anxiety, glaucoma, headaches, and a spinal disorder. (*See* Doc. 11-4 at 2). The applications were denied by the Social Security Administration initially on December 21, 2015 and upon reconsideration on July 19, 2016. (*See generally* Doc. 11-4). Plaintiff requested an administrative

1

hearing on the application and testified before an ALJ on May 25, 2018. (Doc. 11-3 at 58). The ALJ found Plaintiff was not disabled and issued an order denying benefits on October 18, 2018. (*Id.* at 34). Plaintiff requested review of the ALJ's decision by the Appeals Council, which denied the request on July 31, 2019. (*Id.* at 7-9). Thus, the ALJ's determination became the final decision of the Commissioner of Social Security. Plaintiff now appeals to this Court.

## STANDARD OF REVIEW

The district court has a narrow scope when reviewing the Commissioner's final decision. The decision to deny a claimant benefits under the Social Security Act will only be remanded if it is based on legal error or is not supported by substantial evidence. *See* 42 U.S.C.§ 405(g), *Smolen v. Chater*, 80 F.3d 1273, 1279 (9th Cir. 1996). "Substantial evidence" is "more than a mere scintilla", *Richardson v. Perales,* 402 U.S. 389, 401 (1971), but "less than a preponderance", *Sorenson v. Weinberger,* 514 F.2d 1112, 1119 (9th Cir. 1975). It is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Webb v. Barnhart*, 433 F.3d 683, 686 (9th Cir. 2005). The record as a whole must be considered, because "[t]he court must consider both evidence that supports and evidence that detracts from the ALJ's conclusion." *Jones v. Heckler*, 760 F.2d 993, 995 (9th Cir. 1985).

## DISABILITY BENEFITS

To qualify for benefits under the Social Security Act, Plaintiff must establish she is unable to engage in substantial gainful activity due to a medically determinable physical or mental impairment that has lasted or can be expected to last for a continuous period of not less than 12 months. 42 U.S.C. § 1382c(a)(3)(A). An individual shall be considered to have a disability only if:

> his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work, but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy, regardless of whether such work exists in the immediate area in which he lives, or whether a specific job vacancy exists for him, or whether he would be hired if he applied for work.

42 U.S.C. § 1382c(a)(3)(B). The burden of proof is initially on a claimant to establish disability. *Terry v. Sullivan*, 903 F.2d 1273, 1275 (9th Cir. 1990). If a claimant establishes a prima facie case of disability, the burden shifts to the Commissioner to prove the claimant is able to engage in other substantial gainful employment. *Maounis v. Heckler*, 738 F.2d 1032, 1034 (9th Cir. 1984).

## ADMINISTRATIVE DETERMINATION

To achieve uniform decisions, the Commissioner is governed by a sequential five-step process for determining a claimant's alleged disability. 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4). The process requires the ALJ to determine whether Plaintiff (1) is engaged substantial gainful activity; (2) had medically determinable severe impairments; (3) that met or equaled one of the listed impairments set forth in 20 C.F.R. § 404, Subpart P, Appendix 1 ("Listing"); and whether Plaintiff (4) had the residual functional capacity to perform to past relevant work or (5) the ability to perform other work existing in significant numbers at the state and national level, considering the claimant's residual functional capacity, age, education, and work experience. (*Id*.). The ALJ must consider testimonial and objective medical evidence. 20 C.F.R. §§ 404.1527, 416.927.

Pursuant to the five-step process, the ALJ first determined Plaintiff had "not engaged in substantial gainful activity since September 1, 2014, the alleged onset date." (*Id.*). Second, the ALJ found Plaintiff's severe impairments included: "degenerative disc disease and a depressive disorder." (*Id.*). At step three, the ALJ determined that Plaintiff did not have an "impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments" of the Listing. (*Id.* at 27-28). Next, the ALJ found:

> [T]he claimant has the residual functional capacity to perform a range of work at the light exertional level as defined in 20 CFR 404.1567(b) and 416.967(b). Specifically, she is able to life and carry 20 pounds occasionally and 10 pounds frequently, stand and walk six hours, and sit for six hours total in an eight-hour workday. The claimant is further capable of occasionally balancing, stooping, kneeling, crouching, crawling, and climbing ramps or stairs, but she is unable to climb ladders, ropes, or scaffolds. In addition, she is unable to perform work at unprotected heights and is limited to performing only simple routine tasks.

(*Id.* at 28). With this residual functional capacity, the ALJ determined at step four that Plaintiff was "unable to perform any past relevant work" as a home attendant. (*Id.* at 32-33). However, at step five, the ALJ determined that there are "jobs that exist in significant numbers in the national economy that the claimant can perform." (*Id.* at 33). These jobs included Cashier II, Sales Attendant, and Cafeteria Attendant. (*Id.* at 34). Thus, the ALJ concluded Plaintiff was "not… under a disability, as defined by the Social Security Act, from September 1, 2014, through the date of this decision." (*Id.* at 34).

///

# DISCUSSION AND ANALYSIS

Plaintiff asserts the ALJ erred by rejecting limitations identified by Dr. Fabella, an examining physician, without specific, legitimate reasons. (Doc. 17 at 1). In opposition, the Commissioner asserts that the final decision finding Plaintiff not disabled should be affirmed because "substantial evidence supports the ALJ's decision, and the ALJ's decision is free of legal error." (Doc. 21 at 11). The Commissioner also argues the ALJ's residual functional capacity finding "does not need to mirror a single opinion." (*Id.* at 10).

A.   **Evaluation of the medical evidence**

In this circuit, there are three sources of medical opinions: treating, examining, and non-examining. *Valentine v. Comm'r Soc. Sec. Admin.*, 574 F.3d 685, 692 (9th Cir. 2009). Generally, the weight given to each of these opinions is on a sliding scale. A treating physician's opinion is afforded more weight than that of an examining physician, which is afforded more weight than that of a non-examining physician. *Garrison v. Colvin,* 759 F.3d 995, 1012 (9th Cir. 2014); *Pitzer v. Sullivan,* 908 F.2d 502, 506 (9th Cir.1990); 20 C.F.R. §§ 404.1527(d)(2), 416.927(d)(2).

An ALJ need not take all medical opinions at "face value, but may take into account the quality of the explanation when determining how much weight to give a medical opinion." *Ford v. Saul*, 950 F.3d 1141, 1155 (9th Cir. 2020). An opinion is not binding upon the ALJ and may be discounted whether another physician contradicts the opinion. *Magallanes v. Bowen,* 881 F.2d 747, 751 (9th Cir. 1989). For example, medical opinions that are "brief, conclusory, and inadequately supported by medical findings" may be rejected by an ALJ. *Britton v. Colvin*, 787 F.3d 1011, 1012 (9th Cir. 2015).

To reject an uncontradicted opinion of an examining physician, the Commissioner must provide "clear and convincing" reasons for doing so. *Pitzer,* 908 F.2d at 506. A contradicted opinion "can only be rejected for specific and legitimate reasons that are supported by substantial evidence in the record." *Lester v. Chater,* 81 F.3d 821, 830-31 (9th Cir. 1995), *as amended* (Apr. 9, 1996). When one opinion contradicts another, the Commissioner "must determine credibility and resolve the conflict." *Thomas v. Barnhart,* 278 F.3d 947, 956-57 (9th Cir. 2002). Because the Court must give deference to the ALJ's decision, the ALJ's resolution of the conflict will be upheld when there is "more than one rational interpretation of the evidence." *Id.*; *see also Matney v. Sullivan*, 981 F.2d 1016, 1019

(9th Cir. 1992) ("The trier of fact and not the reviewing court must resolve conflicts in the evidence, and if the evidence can support either outcome, the court may not substitute its judgment for that of the ALJ").

Plaintiff asserts the ALJ erred by rejecting Dr. Fabella's opinion that Plaintiff cannot stand and walk for more than four hours per day without specific, legitimate reasons. (Doc. 17 at 1). Because this opinion was contradicted by the state agency medical consultants—Drs. Spoor and Wong (*see* Doc. 11-3 at 30)—the ALJ was required to identify specific and legitimate reasons for rejecting the limitations identified by Dr. Fabella. *See Lester*, 81 F.3d at 831.

        1.        Opinion of Dr. Emmanuel Fabella

On November 3, 2015, Plaintiff presented to Dr. Fabella for a consultative independent internal medicine evaluation. (Doc. 11-8 at 63). Plaintiff's main complaints were "'crippling arthritis' from the neck to the lower spine." (*Id.*). Plaintiff stated she had no trouble sitting, sharp cervicalgia worsened by head-turning, and a stiff spine throughout the day. (*Id.*). Plaintiff also stated stooping "hurts a little," that she can walk "less than five blocks," and she can "tentatively" lift as much as 20 pounds. (*Id.*). Plaintiff did not comment about difficulty standing for extended periods of time. (*See id.*).

Dr. Fabella performed a physical examination but did not review any of Plaintiff's medical records. (*See* Doc. 11-8 at 63-67). According to Dr. Fabella, Plaintiff exhibited "normal gait and balance," did not require "assistive devices for ambulation," and was "able to walk on her toes with no difficulty." (*Id*. at 65). Dr. Fabella further noted that Plaintiff's neck showed "no paracervical or cervical spine tenderness, no muscle spasm, and with good range of motion." (*Id.* at 66). Plaintiff's extremities showed "no joint deformities, effusions, warmth, swelling, crepitus, or pain on motion." (*Id.*). He found there was "no laxity of any joint," and she had "[n]ormal bulk muscle and tone without atrophy." (*Id.* at 66-67). Dr. Fabella rated Plaintiff's motor strength as "5/5," deep tendon flexes as "2/2," and noted intact sensation to light touch. (*Id.* at 67). Finally, Dr. Fabella noted the range of motion of Plaintiff's hips, knees, and ankles were "grossly within normal limits bilaterally." (*Id.*).

Dr. Fabella gave the following impression: "[d]iffuse back and neck pain with the claimant stating that she was diagnosed with 'crippling arthritis' but I do not have any medical records, imaging reports, or convincing physical examination findings." (Doc. 11-8 at 68). Dr. Fabella then opined that

5

Plaintiff could "lift and carry 20 pounds occasionally and 10 pounds frequently," and could "stand and walk for four hours out of an eight-hour day secondary to back pain." (*Id.*).

### 2. The ALJ's evaluation of the opinion

In addressing the medical evidence, the ALJ indicated the opinion of Dr. Fabella was given "only some weight because it is not fully consistent with the medical and other evidence." (Doc. 11-3 at 30). The ALJ explained the lifting and carrying limitations were consistent with degenerative disc disease, but the standing and walking limitation of four hours was inconsistent with the evidence, including a "treatment report showing her sensation and movement were intact bilaterally with no obvious deformities, and she was moving all her extremities." (*Id.*, citing Exh. 14F, p. 4 [Doc. 11-9 at 70]). In addition, the ALJ found "the limitation is inconsistent with Dr. Fabella's own evaluation findings, which showed a normal gait and balance with full motor strength in the bilateral lower extremities." (*Id.*, citing Exh. 4F, pp. 4-7 [Doc. 11-8 at 64-67]).

Plaintiff argues the ALJ failed to set forth a "legitimate reason" for rejecting Dr. Fabella's opinion, which was based upon Plaintiff's back and neck pain. (Doc. 17 at 8). The Commissioner asserts the ALJ "properly gave less weight to Dr. Fabella's standing and walking limitations" because the record showed "normal gait, full strength, and good movement/range of motion". (Doc. 21 at 9).

#### a. *Inconsistency with the medical record*

An ALJ may reject the opinions of a physician when they are inconsistent with the overall record. *Morgan v. Comm'r of the Soc. Sec. Admin.*, 169 F.3d 595, 602-03 (9th Cir. 1999). However, to do so, "[t]he ALJ must do more than offer his conclusions." *Embrey v. Bowen*, 849 F.2d 418, 421-22 (9th Cir. 1988). This burden can be met by the ALJ "setting out a detailed and thorough summary of the facts and conflicting clinical evidence, stating his interpretation thereof, and making findings." *Swanson v. Secretary,* 763 F.2d 1061, 1065 (9th Cir.1985); *Magallanes,* 881 F.2d at 751.

For example, the Ninth Circuit determined an ALJ may reject a medical opinion when it is inconsistent with objective observations in the treatment record. *See Shephard v. Berryhill*, 722 F. App'x 641, 643 (9th Cir. 2018). In *Shephard*, the treating physician opined the claimant "could not stand two hours a day or perform sedentary work." *Id.* The ALJ found this limitation was inconsistent with "emergency room records documenting such things as normal ranges of motion and steady gait."

*Id.* The Ninth Circuit noted a medical opinion could be rejected for lack of support in the medical evidence and found this was a "specific and legitimate reason[] for rejecting the standing limitation and restriction to sedentary work. *Id.*

Similarly, this Court found an ALJ did not err rejecting standing and walking limitations when the record "routinely showed a normal gait." *Ramirez v. Comm'r of Soc. Sec.,* No. 1:18-CV-01322-SAB, 2019 WL 4201437 at *8 (E.D. Cal. Sept. 5, 2019). In *Ramirez*, the plaintiff reported "constant back pain through the entire back extending through the hips and left leg." *Id.,* 2019 WL 4201437 at *2. Dr. Fabella performed a consultative exam, and found Ramirez had "normal gait and balance, and [did] not require the use of assistive devices for ambulation" but "did have mild difficulty getting up from a sitting position…[and] walking on his toes because of low back pain." *Id.* at *5. Dr. Fabella concluded Ramirez could stand and walk four hours in an eight-hour workday. *Id.* The ALJ rejected the opinion as not "fully consistent with the medical and other evidence," explaining "a limitation to standing and walking only four hours in an eight-hour workday is inconsistent with physical limitations that routinely showed a normal gait." *Id.* at *6. The ALJ also found the limitations "inconsistent with Dr. Fabella's own finding of normal muscle bulk and tone with full motor strength and no focal motor deficits in the bilateral extremities." *Id.* Although Ramirez identified records showing an antalgic gait, the Court noted there was "support for the ALJ's conclusion, and it is not this Court's function to second guess the ALJ's conclusion." *Id.* at *8. Thus, the Court concluded "the ALJ's reliance on findings of normal gait in the record is a specific and legitimate reason based on substantial evidence for assigning reduced weight to the opined limitation." *Id.* (citing *Shephard*, 722 F. App'x at 643).

Here, the facts are similar to *Ramirez* and *Shephard*. The ALJ found Dr. Fabela's opinion limiting the plaintiff to four hours of standing and walking in an eight-hour day, was "not fully consistent with the medical and other evidence," including a "report showing her sensation and movement were intact bilaterally with no obvious deformities, and she was moving all her extremities." (Doc. 11-3 at 30, citing Exh. 14F, p. 4 [Doc. 11-9 at 70]). As the ALJ noted, records from an emergency room visit indicate Plaintiff's "[s]ensation and movement [were] intact bilaterally" despite her complaint of back pain. (Doc. 11-9 at 70) Plaintiff had "[n]o obvious deformities," moved all her extremities, and had "strength and sensation to extremities with no paresthesia." (*Id.* at 70-71) The ALJ

7

1  also pointed to several other normal, objective findings of Plaintiff's "good range of motion in the neck and back with no cyanosis or edema in the extremities." (*Id.*, citing Exh. 4F, p. 6; 6F, pp. 6, 9; 8F, p. 7; 10F, p. 7 [Doc. 11-8 at 76; Doc. 11-9 at 7, 10, 44, 57]).

Although Plaintiff asserts evidence in the record supports her allegations of back pain and support the limitations identified by Dr. Fabella, including imaging of the spine demonstrating degenerative changes and treatment received for her pain (Doc. 17 at 8-9), the ALJ identified normal objective findings that conflicted with the standing and walking limitations identified by Dr. Fabella. It is not the Court's role to re-weigh the evidence or substitute its own judgment. *Winans v. Bowen*, 853 F.2d 643, 644-45 (9th Cir. 1987); *see also Tackett v. Apfel,* 180 F.3d 1094, 1097 (9th Cir. 1999) ("the Court may not substitute its judgment for that of the Commissioner"). Thus, the inconsistency between the limitations identified by Dr. Fabella and the objective findings in the record is a specific and legitimate reason for rejecting Dr. Fabella's opined limitations. *See Shephard*, 722 F. App'x at 643; *Ramirez*, 2019 WL 4201437 at *7-8.

### b.  Inconsistencies within the report of Dr. Fabella

Internal inconsistencies within a report support the decision to discount the opinion of a physician. *See Morgan*, 169 F.3d at 603; *see also Khounesavatdy v. Astrue*, 549 F. Supp. 2d 1218, 1229 (E.D. Cal. 2008) (an ALJ may consider "the inconsistency of conclusions with the physician's own findings, in rejecting a physician's opinion").  For example, the ALJ in *Petitt v. Astrue*, No. 1:08-CV-01934-GSA, 2010 WL 729244 (E.D. Cal. Mar. 2, 2010) gave "little weight" to the plaintiff's standing and walking limitations because they were inconsistent with the examining physician's own exam findings. *Id.* at *16.* The physician opined Petitt had a standing and walking limitation of "two to four hours in an eight-hour workday," yet the exam was "essentially normal except for the sensory abnormalities." *Id*. at *16-17. The ALJ specifically stated, "[B]ecause of Ms. Petitt's essentially normal examination, I give little weight to the opinion that Ms. Petitt can only stand and walk 2 to 4 hours." *Id.* at *16. This Court noted it was "appropriate for an ALJ to consider the absence of supporting findings, and the inconsistency of conclusions with the physician's own findings, in rejecting a physician's opinion." *Id.* at *17 (citing *Johnson v. Shalala,* 60 F.3d 1428, 1432-33 (9th Cir. 1995); *Matney v. Sullivan,* 981 F.2d 1016, 1019 (9th Cir. 1992); *Magallanes,* 881 F.2d at 751). The Court concluded the

ALJ "stated specific and legitimate reasons for rejecting the particular limitations", and "[s]ubstantial evidence supported his reasoning." *Petitt*, 2010 WL 729244 at *17.

Likewise, the ALJ rejected findings of an examining physician as inconsistent with his own findings in *Ybarra v. Saul*, No. 1:18-CV-00924-BAM, 2019 WL 4734759 (E.D. Cal. Sept. 27, 2019). During the consultative examination, Ybarra demonstrated his neck range of motion was "within normal limits," there was "no restricted range of motion" of his knee, and there was "strength of 5/5 in all extremities and normal reflexes." *Ybarra,* 2019 WL 4734759 at *8. His "straight-leg raising was negative," though he "was only able to achieve 45 degrees of forward flexion." *Id.* The examining physician opined Ybarra had a limitation of standing and walking for "four hours in an eight-hour day." *Id.* The ALJ rejected the limitations for being "overly restrictive given normal examination findings." *Id.* This Court concluded the ALJ's explanation was supported by the identified findings and was a "specific and legitimate reason to reject [the] opinion." *Id.*

Here, the ALJ found Dr. Fabella's "limitation is inconsistent with Dr. Fabella's own evaluation findings, which showed a normal gait and balance with full motor strength in the bilateral lower extremities." (Doc. 11-3 at 30, citing Exh. 4F, pp. 4-7 [Doc. 11-8 at 64-67]). Specifically, Dr. Fabella noted Plaintiff did not show "pain on motion" in any extremities," she had "no laxity of any joint," and had "[n]ormal bulk muscle and tone without atrophy." (Doc. 11-8 at 66-67). He also found Plaintiff's motor strength was "5/5," her deep tendon reflexes were "2/2," and she had intact sensation. (*Id.* at 67). These normal findings are, in fact, inconsistent with imposing standing and walking limitations. *See Petitt*, 2010 WL 729244 at *17. *Ybarra*, 2019 WL 4734759 at *8. Indeed, Dr. Fabella acknowledged that he did not have "convincing physical examination findings." (*Id.* at 68).

Because the ALJ identified objective findings within the report of Dr. Fabella that were inconsistent with the standing and walking limitations, these inconsistencies support the decision to reject Dr. Fabella's opinion. *Burch v. Barnhart,* 400 F.3d 676, 679 (9th Cir. 2005); *see also Petitt*, 2010 WL 729244 at *17. *Ybarra*, 2019 WL 4734759 at *8.

**B.    Substantial evidence supports the ALJ's determination**

When an ALJ rejects a medical opinion, the ALJ must not only identify a specific and legitimate reason for rejecting the opinion, but the decision must also be "supported by substantial

1  evidence in the record." *Lester*, 81 F.3d at 830. Accordingly, because the ALJ articulated specific and
2  legitimate reasons for rejecting the opinion of Dr. Fabella, the decision must be supported by
3  substantial evidence in the record. Plaintiff contends the ALJ failed to meet this burden. (Doc. 17 at 1).
4  Previously, this Court explained: "The role of this Court is not to second guess the ALJ and
5  reevaluate the evidence, but rather it must determine whether the decision is supported by substantial
6  evidence and free of legal error." *Gallardo v. Astrue*, 2008 WL 4183985 at *11 (E.D. Cal. Sept. 10,
7  2008). The term "substantial evidence" "describes a quality of evidence … intended to indicate that the
8  evidence that is inconsistent with the opinion need not prove by a preponderance that the opinion is
9  wrong." SSR 96-2p, 1996 SSR LEXIS 9 at *8. "It need only be such relevant evidence as a reasonable
10 mind would accept as adequate to support a conclusion that is contrary to the conclusion expressed in
11 the medical opinion." *Id.*
12 The ALJ's determination of Plaintiff's residual functional capacity is supported by the medical
13 record and the opinions of the non-examining, State Agency physicians, Drs. Spoor and Wong. The
14 ALJ noted that the physicians opined that Plaintiff can "stand and walk about six hours…in an eight-
15 hour workday." (Doc. 11-3 at 30; *see also* Doc. 11-4 at 10, 37). The ALJ adopted these opinions as they
16 were "most consistent with the evidence" and "more than adequately" accounted for Plaintiff's "severe
17 physical impairments especially in light of her good range of motion in the neck and back with no
18 cyanosis or edema in the extremities." (*Id.*, citing Exh. 4F, pp. 6; 6F, pp. 6, 9; 8F, pp. 7; 10F, pp. 7
19 [[Doc. 11-8 at 76; Doc. 11-9 at 7, 10, 44, 57]) As a result, the opinions of Drs. Spoor and Wong are also
20 substantial evidence in support of the ALJ's decision. *See Tonapetyan*, 242 F.3d 1149 (the opinions of
21 non-examining physicians "may constitute substantial evidence when ... consistent with other
22 independent evidence in the record").
23 Importantly, State Agency medical consultants are "highly qualified" physicians, who are also
24 "experts in Social Security disability evaluation." 20 C.F.R. §§ 404.1527(f)(2)(i), 416.927(f)(2); *see*
25 *also Massimo v. Comm'r of Soc. Sec.,* 2019 U.S. Dist. LEXIS 140366 at *17 (E.D. Cal. Aug. 16, 2019)
26 ("state agency consultants are experts in their respective fields, familiar with Social Security rules and
27 regulations governing disability"), *aff'd by Massimo v. Saul*, 2020 U.S. App. LEXIS 19067 (9th Cir.
28 Cal., June 17, 2020). "Findings of fact made by State Agency medical and psychological consultants ...

regarding the nature and severity of an individual's impairment(s) must be treated as expert opinion evidence of nonexamining sources." SSR 96-6p, 1996 WL 374180, *1. Therefore, the opinions of Drs. Spoor and Wong are entitled to weight as expert opinions and are substantial evidence that support the residual functional capacity determined by the ALJ.

## CONCLUSION AND ORDER

For the reasons set forth above, the Court finds the ALJ stated a specific and legitimate reason to reject the limitations identified by Dr. Fabella and the decision is supported by substantial evidence in the record. Thus, the Court must uphold the conclusion that Plaintiff was not disabled as defined by the Social Security Act. *See Sanchez*, 812 F.2d at 510. Accordingly, the Court **ORDERS**:

1. Plaintiff's appeal of the decision denying benefits (Doc. 17) is **DENIED**;
2. The decision of the Commissioner of Social Security is **AFFIRMED**; and
3. The Clerk of Court is **DIRECTED** to enter judgment in favor of Defendant, Andrew Saul, the Commissioner of Social Security, and against Plaintiff, Barbara Jean Queen.

IT IS SO ORDERED.

Dated:   **February 8, 2021**          **/s/ Jennifer L. Thurston**
UNITED STATES MAGISTRATE JUDGE